**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------------------------

JOSHUA SCHLEIFER, Individually, and on behalf of all others similarly situated,         Civil No.: 17-cv-08789 (AJN)

            Plaintiff,

    vs.


LEXUS OF MANHATTAN; ZIPWHIP, INC.; BRAM AUTO GROUP, LLC.

            Defendants.

--------------------------------------------------------------------------------




**DEFENDANT BRAM AUTO GROUP LLC'S**
**MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S OPPOSITION AND IN**
**FURTHER SUPPORT OF IT'S MOTION TO DISMISS**






**LONDON FISCHER LLP**
**59 MAIDEN LANE**
**NEW YORK, NEW YORK 10038**
**(212) 972-1000**


{N1441905.1 }

**PRELIMINARY STATEMENT**

Plaintiff's opposition to Defendant BRAM Auto Group, LLC's motion further supports dismissal of each and every cause of action asserted against BRAM Auto Group, LLC in the Amended Complaint.

Plaintiff's continued failure to recognize and acknowledge the distinct differences between a trade name and a defunct corporate entity does not support the meritless claims asserted against BRAM Auto Group, LLC.

As addressed in BRAM Auto Group, LLC's motion papers, and the records that have been before this Court since the inception of this matter, Bay Ridge Automotive Management Corp. **is not** BRAM Auto Group, LLC. It has not and cannot be disputed that Bay Ridge Automotive Management Corp. ("BRAM Corp.") does business as BRAM Auto Group. It also cannot be disputed that the trade name BRAM Auto Group **is not** BRAM Auto Group, LLC. Plaintiff's persistent co-mingling of these separate entities - BRAM Corp. d/b/a BRAM Auto Group and BRAM Auto Group, LLC. - and continued insistence on proceeding with claims against the wrong, defunct entity should not be permitted by this Court.

Plaintiff's opposition relies on factually incorrect arguments that should be disregarded by the Court. The following are the accurate facts before the Court supporting dismissal of BRAM Auto Group, LLC:

- BRAM Auto Group, LLC was dissolved more than two years prior to the text message received by Plaintiff (formed: 12/14/2014; dissolved 4/20/2015; text message: 11/11/2017) [Docket No. 67, ¶ 6; 67-2];

- Bay Ridge Automotive Corp. d/b/a BRAM Auto Group is not the same corporate entity as BRAM Auto Group, LLC;

- Plaintiff did not timely and properly effectuate service of the Amended Complaint on BRAM Auto Group, LLC;

{N1441905.1 }

- Plaintiff incorrectly and improperly served the director of payroll for BRAM Corp. d/b/a BRAM Auto Group. Plaintiff **did not** serve the Amended Complaint on BRAM Auto Group, LLC;

- Jacquelin Calderon's LinkedIn page identifying her employer as BRAM Auto Group is correct as it is the trade name for BRAM Corp. [Plaintiff's Ex. G; Docket 76-7];

- The interrogatory responses from Lexus of Manhattan identifying Howard Simons and Salvatore Iacono from BRAM Auto Group as having knowledge of the facts or issues in this matter was correct. Neither Mr. Simons nor Mr. Iacono are employed by BRAM Auto Group, LLC;

- The lawsuit annexed as Plaintiff's Exhibit "H" – <u>Stewart v. Bay Ridge Nissan, Inc</u>. correctly identified the party as Bay Ridge Automotive Management Corp. d/b/a BRAM Auto Group. BRAM Auto Group, LLC was not named in that action; [Docket 76-8].

- Plaintiff's attempt to establish personal jurisdiction based upon an unverified pleading in a separate action wherein the undersigned firm is not counsel should be disregarded. Even so, the parties in <u>Lopez v. BRAM Auto, Group, LLC</u>, Case No. 18-cv-14691 in the U.S. District of New Jersey have confirmed in writing that the caption is being amended to remove BRAM Auto Group, LLC as the defendant because it is a dissolved entity. The parties in <u>Lopez</u> are submitting a Stipulation and Proposed Order to the Court substituting the correct entity that purportedly employed Mr. Lopez. [Myers Dec., Ex. 3; Docket 76-8];

- The 2018 New Jersey Business Gateway, Business Entity Information and Records Service attached as Plaintiff's Exhibit "D" is a report for "Bay Ridge Automotive Management Corp." that correctly identifies its associated name as "BRAM". The document **does not** list BRAM Auto Group, LLC; [Docket 76-4].

- The website bramautogroup.com is an aggregator for employment opportunities and openings for the numerous dealerships in which BRAM Corp. provides management service. This website has no connection whatsoever with BRAM Auto Group, LLC, and;

- The online articles referenced in Plaintiff's exhibits identify BRAM Auto Group as conducting business, not BRAM Auto Group, LLC [Plaintiff's Ex. "C"; Docket 76-3].

Plaintiff's arguments rebutting his failure to properly effectuate service should be disregarded in their entirety. Plaintiff ignores the service requirements under the Federal Rules of Civil Procedure wherein he suggests service of a pleading on an employee of the wrong corporate

entity satisfies the service requirements under the law. Plaintiff's failure to comply with the provisions of Federal Rule 4(h) mandates dismissal as this Court lacks personal jurisdiction over BRAM Auto Group, LLC. As previously stated, service upon BRAM Auto Group, LLC is a legal impossibility as the corporate entity has been dissolved since April of 2015.

Moreover, Plaintiff's failure to assert allegations against the correct party in this action supports dismissal based upon the failure to plead any viable legal claim under the Telephone Consumer Protection Act ("TCPA"). Lastly, Plaintiff has had knowledge that BRAM Corp. d/b/a BRAM Auto Group acted as the third-party administrator for Lexus of Manhattan. Plaintiff has failed to properly join the proper parties and should be precluded from any such joinder.

Accordingly, and for the reasons addressed herein, the Amended Complaint must be dismissed in its entirety against BRAM Auto Group, LLC pursuant to Fed. R. Civ. P. 12(b)(2), (5), and (6).

**Point I.   Plaintiff Has Not And Cannot Properly Effectuate Service Upon BRAM Auto Group, LLC.**

There is no factual dispute that Ms. Jacquelin Calderon, the director of payroll for Bay Ridge Auto Management Corp., received a copy of Plaintiff's Amended Complaint on January 11, 2019. [Docket 68]. Regardless of this fact, Ms. Calderon has never been employed by BRAM Auto Group, LLC – the named defendant in this action. [Docket 68].

Ms. Calderon attests in her affidavit that "a man provided [her] a document that was a copy of the Amended Complaint" and "the man did not identify himself nor the company that he worked for". [Docket No. 68, ¶ 2]. Ms. Calderon further attests that she has never been employed by BRAM Auto Group, LLC and is not authorized to accept service of any documents on behalf of BRAM Auto Group, LLC. [Docket No. 68, ¶¶ 5-6].

Plaintiff bears the burden of establishing that service was sufficient[1]. Khan v. Khan, 360 Fed.Appx. 202, 203 (2d Cir.2010) citing Burda Media, Inc. v. Viertel, 417 F.3d 292, 298 (2d Cir.2005). The Second Circuit has long held that conclusory statements that a defendant was properly served are insufficient to overcome a defendant's sworn affidavit that she was never served with process. Howard v. Klynveld Peat Marwick Goerdeler, 977 F.Supp. 654, 658 (S.D.N.Y. 1997), aff'd, 173 F.3d 844 (2d Cir. 1999). Plaintiff's reliance upon an affidavit of service that identifies Ms. Calderon and the date of service at the address of a non-party, BRAM Corp. d/b/a BRAM Auto Group., is insufficient to refute Ms. Calderon's signed affidavit. [Docket 76-6; Docket No. 68]. Additionally, delivery of a summons and complaint to the wrong person is a substantial defect in service of process. J & J Sports Productions, Inc. v. La Praanda Mexicana bar & Restuarante Co., Inc., 2018 WL 4378166, 17-CV-4171 (E.D.N.Y. 2018) (A corporation who was not the defendant in the case was served the complaint and the actual defendant had not been served); Barron v. Miami Executive Towers Assocs. Ltd. P'ship, 142 F.R.D. 394, 397 (S.D.N.Y. 1992)("actual receipt of both the summons and complaint is a base requirement of Rule 4"). In Kwan v. Schlein, plaintiff served the company's director of customer services which was deemed insufficient service on a corporate agent. Kwan v. Schlein, 441 F. Supp.2d 491, 496 (S.D.N.Y. 2006). This Court stated that a title of director of customer service, unlike the title of CEO, does not on its face suggest that she is an officer or agent of the company. Kwan, 441 F. Supp.2d at 496. Ms. Jackson, the director of customer services, submitted an affidavit that she had never been authorized to accept service on behalf of the company and she did not hold herself out as such to the process server. Id. This Court stated that

---

[1] It should be noted that Plaintiff has asserted that the service of the Amended Complaint on BRAM Auto Group, LLC at 7500 Westside Avenue, North Bergen, NJ 07047 was proper; however, Plaintiff's own pleading contradicts that argument as the Amended Complaint asserts that BRAM Auto Group, LLC's principal place of business at 666 64th Street, Brooklyn, NY 11220.

plaintiff Kwan failed to offer any information to the contrary and determined that the plaintiff failed to meet her burden of establishing proper service. Id. Similarly, Ms. Calderon attested she was not authorized to accept service on behalf of BRAM Auto Group, LLC and did not advise the process server of any such information.

Moreover, Plaintiff has not submitted any evidence that proper service to an "officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process" was made upon BRAM Auto Group, LLC. See Fed.R.Civ.P. 4(h). It should be noted that Plaintiff is not alleviated from satisfying his obligations under the law because this firm advised that it cannot accept service on behalf of BRAM Auto Group, LLC. [Docket No. 76-5]. In fact, on November 26, 2018, Plaintiff's counsel inquired "[w]ill you accept service for Bram? If not, we'll serve them at their headquarters." See Myers Aff, Ex. 1. In response to counsel's inquiry, the undersigned stated that "our office has not been provided with authority to accept service of Plaintiff's First Amended Complaint on behalf of BRAM Auto Group, LLC." See Myers Aff, Ex. 2. Plaintiff was clearly on notice that it was his obligation under the law to properly effectuate service on the named defendant, BRAM Auto Group, LLC. Plaintiff's failure to serve and name the correct corporate entity in this action is no fault other than his own. Moreover, Plaintiff's position that BRAM Auto Group, LLC has waived its jurisdictional defenses based upon the filing of an answer in a non-related New Jersey action by separate counsel is devoid of any merit. Plaintiff's attempt to muddy the facts and corporate entities in this matter does not negate the undisputed facts that (1) BRAM Auto Group, LLC is not BRAM Corp. d/b/a BRAM Auto Group[2]; (2) BRAM Auto Group, LLC was not served with the Amended Complaint, and; (3) BRAM Auto Group, LLC has been dissolved since April 20,

---

[2]  Plaintiff was aware of this as early as October 4, 2018 when Lexus of Manhattan filed a declaration and response to amend statements pertaining to BRAM Corp. [Docket Nos. 30-32].

2015.

Furthermore, Plaintiff's opposition attempts to establish jurisdiction within New York's long-arm statute. Once again, Plaintiff discusses contracts, emails, and websites pertaining to BRAM Corp. d/b/a BRAM Auto Group *not* the named defendant – BRAM Auto Group, LLC. Plaintiff's use of the long-arm statute should be disregarded in its entirety. This Court has held that a dissolved corporate entity cannot be reached under the long-arm statute when the event in dispute occurred after the dissolution of the entity. Linzer v. EMI Blackwood Music Inc., 904 F. Supp. 207, 213 (S.D.N.Y. 1995) citing Flute v. Rubel, 682 F.Supp. 184, 187 (S.D.N.Y.1988). As previously stated, BRAM Auto Group, LLC was dissolved on April 20, 2015 and the subject text message was sent on November 11, 2017 – nearly two years after dissolution. As such, this Court's precedent should be applied here and the motion to dismiss should be granted in its entirety.

Based upon the forgoing, Plaintiff's attempted service of the Amended Complaint upon named defendant BRAM Auto Group, LLC failed to comply with the requirements within FRCP Rule 4(h) and must be dismissed pursuant to FRCP Rule 12(b)(2) and (b)(5).

**Point II.** **Plaintiff's Amended Complaint Has Not And Cannot State A Claim Against Defendant BRAM Auto Group, LLC.**

Although Plaintiff has failed to establish personal jurisdiction, it cannot be disputed that the Amended Complaint fails to plead a cause of action under the Telephone Consumer Protection Act ("TCPA") against BRAM Auto Group, LLC. The TCPA, 47 U.S. Code 227 (c)(5)(B), provides a "private right of action" for:

> "a person who has received more than one telephone call within any 12-month period by *or on behalf of* the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a

> State bring in an appropriate court of that State. . .an action to recover for actual monetary loss from such a violation . . ."

It cannot be disputed that BRAM Auto Group, LLC did not send the subject text message to the Plaintiff. Plaintiff's Amended Complaint has not and cannot set forth any reasonable inference that BRAM Auto Group, LLC or any other entity, BRAM Corp. and BRAM Auto Group, sent the subject text message to the Plaintiff on behalf of Lexus of Manhattan. Even accepting Plaintiff's allegations as true, which they are not, the Amended Complaint has not pled nor supported the allegation that BRAM Auto Group, LLC initiated, contracted, directed, and/or executed the text message to Plaintiff.

Plaintiff cites to <u>Geisler v. Petrocelli</u>, 616 F.2d 636, 639 (2d Cir. 1980), wherein the court's task is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." [Docket No. 75]. The Court in <u>Geisler</u> proceeds to state that "a complaint should not be dismissed for insufficiency unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be provide in support of the claim." <u>Geisler</u>, 616 F.2d at 639. As addressed in detail above, it is not only legally infeasible, but it is a certainty as well as a legal impossibility that Plaintiff cannot plead a cause of action and be entitled to any relief against BRAM Auto Group, LLC. The following further supports and warrants dismissal of the Amended Complaint:

- The declaration of John Coscia, Controller of BRAM Corp., states that BRAM Auto Group, LLC was formed for the purpose to potentially hold a registered service mark but was never used and ultimately dissolved. [Docket No. 67, ¶ 5].

- BRAM Auto Group, LLC was dissolved more than two years prior to the text message received by Plaintiff (entity formed: 12/14/2014; entity dissolved 4/20/2015; text message: 11/11/2017); [Docket No. 67, ¶ 6; 67-2];

- Plaintiff's Exhibit "B" provides an invoice from Zipwhip to BRAM Auto Group dated February 1, 2017. The invoice was not provided to BRAM Auto Group, LLC. [Docket No. 76-2].

Moreover, the Zipwhip invoice and record reflects BRAM Corp.'s legitimate use of the trade name BRAM Auto Group. [Docket No. 76-2]. Additionally, the Amended Complaint alleges that "the texting campaign sent on behalf of Lexus, was initiated by Lexus' parent corporation, BRAM [BRAM Auto Group, LLC]. In this regard, BRAM [BRAM Auto Group, LLC] executed business decisions on behalf of Lexus to begin a text message marketing campaign." [Docket No. 67-1, ¶ 24]. This purported allegation is directly refuted by the fact that Bram Auto Group, LLC was dissolved on April, 20, 2015 – nearly two years prior to the subject text message being sent. Plaintiff's only other allegation against BRAM Auto Group, LLC within the Amended Complaint asserts that "BRAM [BRAM Auto Group, LLC], on behalf of Lexus, engaged Defendant Zipwhip to begin text servicing of non-Lexus clients." [Docket No. 67-1, ¶ 25]. These two conclusory allegations are directly refuted by the declaration of John Coscia, the documents submitted by plaintiff's opposition papers, and the record before the Court.

Based upon the forgoing, BRAM Auto Group, LLC's motion to dismiss pursuant to Rule 12(b)(6) should be granted in its entirety.

## CONCLUSION

For all of the foregoing reasons, Defendant BRAM AUTO GROUP LLC respectfully requests this Court enter an Order dismissing Plaintiff's Amended Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(2), (5), and/or (6), with prejudice, and such other and further relief as this Court deems just and proper.

Dated:        New York, New York
              March 15, 2019              Respectfully submitted,
                                          LONDON FISCHER LLP

                                          */s/ Jason M. Myers*
                            By:        _____
                                          Jason M. Myers, Esq.

*Attorneys for Defendants*
59 Maiden Lane
New York, New York 10038
(212) 972-1000
File No. 437.0567009
TLeghorn@londonfischer.com
JMyers@ londonfischer.com