UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSHUA SCHLEIFER, Individually, and on behalf of all others similarly situated,

    Plaintiff,

v.

LEXUS OF MANHATTAN, ZIPWHIP, INC., BRAM AUTO GROUP, LLC,

    Defendants.

Civil Action No. 17-cv-08789 (AJN)

---

**Plaintiff Zipwhip, Inc.'s Reply to Plaintiff's Opposition
and in Further Support of its Motion to Dismiss**

Defendant Zipwhip, Inc. ("Zipwhip"), by and through undersigned counsel, respectfully submits this Memorandum of Law in further support of its Motion to Dismiss Plaintiff Joshua Schleifer's claims against Zipwhip in the First Amended Complaint, pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).  In support thereof, Zipwhip states as follows:

**I.  SUMMARY**

Plaintiff's April 29, 2019 Opposition (Dkt. No. 92) ignores Zipwhip's declaration and relies instead on misstatements of the legal standards and muddling of the allegations in his own Amended Complaint with new, unpled allegations that are both unsupported and, in some instances, demonstrably false.  It is undisputed that Zipwhip is a "texting software provider." (*See, e.g.,* Amended Complaint at ¶ 10; Opp. at 15.)  Based on both Plaintiff's allegations and the extra-pleading evidence Plaintiff seeks to introduce, that remains the sum total of Zipwhip's relationship to this claim.  Thus, Plaintiff offers no valid basis upon which this Court could exert personal jurisdiction over Zipwhip.

1

After conceding that this Court lacks general personal jurisdiction over Seattle, Washington-based Zipwhip (Opp. at 5), Plaintiff relies on precedent that confirms specific jurisdiction cannot be obtained. Rather than present an argument to counter Zipwhip's declaration, Plaintiff misstates the law and requests that all facts should be taken in the light most favorable to his arguments on Zipwhip's 12(b)(2) motion. But Plaintiff's naked assertions alone cannot establish jurisdiction in the face of Zipwhip's uncontested (and incontestable) declaration.

Plaintiff's failure to adequately plead a violation by Zipwhip fares no better. The Amended Complaint merely alleges that Lexus used Zipwhip's software to contact Plaintiff. Nowhere does the Amended Complaint allege that *Zipwhip* contacted Plaintiff (or otherwise did anything improper). Plaintiff's new claims to the contrary—which appear nowhere in the Amended Complaint—must be discounted. Plaintiff's claims against Zipwhip can only survive if the Court ignores the significant difference between a *software provider* such as Zipwhip, and a person or company who actually *sends* text messages, which Zipwhip did not do and Plaintiff does not allege. Moreover, Plaintiff's Opposition does not, because it cannot, address the Southern District of New York precedent in *Melito v. Am. Eagle Outfitters, Inc.,* No. 14-cv-02440, 2015 WL 7736547, at *4-5 (S.D.N.Y. Nov. 30, 2015), finding that the failure to directly allege that the defendant actually sent the text messages at issue supports an order of dismissal. Plaintiff cannot resuscitate his operative pleading by injecting new "facts" in his Opposition to Zipwhip's Motion to Dismiss. Thus, Plaintiff's claims should be dismissed for lack of jurisdiction and failure to state a valid claim.

## II. ARGUMENTS

### A. Plaintiff Cannot Establish Specific Jurisdiction Over Zipwhip

Plaintiff's Opposition adds nothing to the bald allegation that Zipwhip "regularly

conducts business in the State of New York" (Amended Complaint at ¶ 10) which is insufficient to survive a challenge under Rule 12(b)(2) that is supported by a declaration.

As a threshold matter, Plaintiff asks this Court to accept the proposition that all facts must be taken in the light most favorable to Plaintiff *even if contradicted by Defendant's declaration* (Opp. at p. 11).  That is an incorrect statement of law within the context of a Rule 12(b)(2) motion. *Delgado-Perez v. City of New York*, No. 17-CV-01194, 2018 WL 6200039, at *2–3 (S.D.N.Y. Nov. 28, 2018) (dismissing for lack of personal jurisdiction where the plaintiff "failed to controvert the declarations of [the defendants]"); *Cortlandt St. Recovery Corp. v. Deutsche Bank AG, London Branch*, No. 14-CV-01568, 2015 WL 5091170, at *2 (S.D.N.Y. Aug. 28, 2015) ("[T]he Court need not 'accept as true a legal conclusion couched as a factual allegation,' nor need it accept as true allegations controverted by the defendant's affidavits."  (internal citation omitted)); *see also Pablo Star Ltd. v. Welsh Gov't*, 170 F. Supp. 3d 597, 605 (S.D.N.Y. 2016); *Karoon v. Credit Suisse Grp. AG*, No. 15-CV-4643, 2016 WL 815278, at *2 (S.D.N.Y. Feb. 29, 2016).

Plaintiff seeks to justify his baseless conclusion concerning Zipwhip's conduct by citing case law concerning resolution of doubt where "conflicting affidavits" are presented (Opp. at 4); however, there is no conflict in this case.  Mr. Chamberlain's March 11, 2019 Declaration in Support of Zipwhip's Motion (Dkt. No. 82) is countered only by attorney argument and conjecture.  This is not a case with two feasible conclusions in the record.  Plaintiff does not present credible evidence to counter Zipwhip's Declaration; thus, he must resort to arguments concerning what is "likely," offering vague theories concerning the individuals Zipwhip "may be reaching," and raising the prospect of profits that are not only outside the record, but invented out of whole cloth.  (*See*, *e.g.*, Opp. at 8-9).  Plaintiff cannot succeed by countering Zipwhip's

3

sworn declaration with hollow argument. *DeGregorio v. Marriott Int'l, Inc.*, No. CV 17-3867, 2017 WL 6367894, at *2 (E.D. Pa. Dec. 13, 2017) (when movant's declaration contradicts a complaint's allegations, the plaintiff must similarly contradict the moving declaration through "actual proofs"); *Daniel v. Mondelez Int'l, Inc.*, 287 F. Supp. 3d 177, 188 (E.D.N.Y. 2018) (considering statements by declarant refuting various allegations integral to the complaint in resolving motion to dismiss).

That Zipwhip's software platform was made available to a New York company is not sufficient basis to haul Zipwhip into a New York courtroom. Plaintiff's own case citations confirm the impropriety of his argument. For example, Plaintiff cites the Second Circuit's decision in *Best Van Lines, Inc. v. Walker,* 490 F.3d 239 (2d Cir. 2007). (Opp. at 7-8). In *Best Van Lines,* a New York plaintiff filed claims against an out-of-state website operator alleged to have posted defamatory statements concerning the plaintiff. *Id.* at 240. The Second Circuit there *affirmed the dismissal* of the website operator, finding the New York "long arm" statute did not give the Court personal jurisdiction over the operator based on his website being viewed, and the injury being felt, in New York. *Id.* at 254-55. While the tort of defamation has certain unique qualities under the law, the fact remains that Plaintiff has failed to demonstrate why Lexus' alleged use of the Zipwhip platform demonstrates purposeful availment of New York by the company Zipwhip.

Similarly, Plaintiff cites to *Paterno v. Laser Spine Inst.,* 24 N.Y.3d 370 (2014) (Opp. at 8), which affirmed the dismissal of claims over a website operator for lack of personal jurisdiction. The *Paterno* Court observed that the defendant's making of its technology available in New York was not the type of purposeful availment found to qualify as conducting business in

New York. *Id.* at 376. The same result is warranted here.[1] Plaintiff's long-arm argument fails under the weight of his own case law.

Plaintiff further argues that Zipwhip should be subject to jurisdiction in New York because it permitted a New York business to purchase its software product, and that that software product was allegedly used to send allegedly improper texts. (Opp. at 11.) Plaintiff presents that argument now without any allegation in the Amended Complaint (much less evidence) that Zipwhip actually knew the identity of Lexus' alleged text recipients and without an allegation or showing of any substantive involvement on the part of Zipwhip with the sending of any purported text. Plaintiff seeks to analogize Zipwhip's removed position from the alleged texts with cases where the defendants affirmatively acted in New York. These analogies must fail.

For example, Plaintiff references the Court's findings in *Citigroup Inc. v. City Holding Co.*, 97 F.Supp.2d 549 (S.D.N.Y. 2000) and *GTFM, Inc. v. Fubutu Home & Educ. Media, Inc.*, No. 01-cv-6595, 2003 WL 22439791, at *3 (S.D.N.Y. Oct. 27, 2003). (Opp. at 9.) But Plaintiff misstates the impact and relevance of these cases. In both *GTFM* and *Citigroup,* the New York plaintiffs allege that *the defendants* sent sales materials advertising products that infringed on the plaintiffs' trademark rights to third-party recipients in New York. That is significantly different from Plaintiff's allegation that *Lexus* used Zipwhip's software program to send an allegedly

---

[1] The other cases cited by Plaintiff are similarly distinguishable from, if not outright hostile to, Plaintiff's arguments. *See Island Wholesale Wood Supplies, Inc. v. Blanchard Indus., Inc*., 101 A.D.2d 878 (1984) (finding jurisdiction where the defendant not only sold his machinery for use in New York, but then sent employees into New York to perform work under the contract); *Parke-Bernet Galleries, Inc. v. Franklyn*, 26 N.Y.2d 13 (1970) (finding jurisdiction where the foreign defendant actively participated telephonically in an auction occurring in New York and then refused to pay for items he won during that auction); *George Reiner & Co. v. Schwartz*, 41 N.Y.2d 648 (1977) (finding jurisdiction in the "clearest sort of case" where the defendant travelled to New York and entered into an employment contract with the New York plaintiff).

5

improper text to Plaintiff.  In the context of the *GTFM* and *Citigroup* cases, Zipwhip is the non-party manufacturer of printing machines used to make the materials, not the active defendant.[2]

Ultimately, Plaintiff seeks to compel this Court to find jurisdiction by offering it the false choice between keeping Zipwhip in this case or "allowing Defendant Zipwhip to avoid liability." (Opp. at 12.)  That is not what the law demands.  That Plaintiff would prefer to litigate against Zipwhip in this forum is not sufficient grounds to obtain jurisdiction.  It is well-established that if Plaintiff wants to bring a claim against Zipwhip, his choice is not limited to *his* home venue; rather, the proper court (if any) for Plaintiff to assert any claim he may believe he has against Zipwhip is the United States District Court for the Western District of Washington.

### B. Plaintiff Misstates Zipwhip's Rule 12(b)(6) Argument Because He Cannot Defeat it As Properly Presented

Zipwhip has presented its argument under current and operative law, while Plaintiff relies on outdated decisions that all arise before the Supreme Court's seminal *Twombly* and *Iqbal* decisions fundamentally altered the considerations for a properly stated claim.  (Opp. at 13 (citing pre-*Twombly* and *Iqbal* cases for the 12(b)(6) motion to dismiss standards).  Plaintiff asks this Court to turn back the clock because his Complaint cannot possibly survive the appropriate level of post-*Iqbal* scrutiny.

While it is undisputed that Zipwhip is a texting software company, Plaintiff does not, because he cannot, allege that Zipwhip was the party actually *sending* any text message to Plaintiff.  (*See* Amended Complaint at ¶ 10; Opening Br. at 9-12.)  Despite the lack of any claim alleged, Plaintiff now seeks to conflate the company and software of Zipwhip in his Opposition by arguing that "Zipwhip directly called or enabled to be called, Plaintiff and members of the

---

[2] Further, Plaintiff's multiple references to Zipwhip having waived formal service of process (*see, e.g.*, Opp. at 2, 6) is, at best, irrelevant given the express language of Rule 4(d)(5) confirming that "[w]aiving service of a summons does not waive any objection to personal jurisdiction or to venue."

6

proposed class." (Opp. at 10.)  That allegation is baseless and contradicted by Plaintiff's own allegations.  Because Plaintiff failed to allege that Zipwhip actually sent him a text, he has not stated a valid claim under the TCPA.  *Melito v. Am. Eagle Outfitters, Inc.,* No. 14-cv-02440, 2015 WL 7736547, at *4-5 (S.D.N.Y. Nov. 30, 2015); *see* Opening Br. at 10-11.  Plaintiff offers no response to that argument.

Plaintiff claims that the Court has already definitively ruled on this issue in his favor, albeit before the Amended Complaint was filed and before Zipwhip was even a party to the case. (Opp. at 14 (citing ECF No. 51)).  While the Court's Order allowing Plaintiff to amend his Complaint admittedly did "emphasize[] the FCC's definition of make to include those that initiate calls, as well as those that cause calls to be initiated" (Opp. at 14), the fact is that the Amended Complaint *does not allege that Zipwhip initiated any calls (or text messages)*.  Similarly, the Amended Complaint nowhere alleges that Zipwhip caused any calls (or text messages) to be initiated.  *See* Amended Compl., *passim*.[3]

Given the shortcomings of Plaintiff's allegations, Plaintiff's Opposition seeks to introduce new facts arguing that Zipwhip sent text messages and contracted "to target New York customers" (*See, e.g.,* Opp. at p. 12, 14).  Plaintiff's new allegations are procedurally improper because "[a] plaintiff may not use its opposition to a motion to dismiss to amend its complaint to add new claims."  *Gomez v. New York City Police Dep't*, 191 F. Supp. 3d 293, 297 n.3 (S.D.N.Y. 2016) (Nathan, J.); *CAC Grp., Inc. v. Maxim Grp., LLC*, No. 12 CIV. 5901 KBF, 2012 WL 4857518, at *1 n.1 (S.D.N.Y. Oct. 10, 2012) ("It is axiomatic, however, that a plaintiff cannot amend a complaint with new allegations contained in an opposition to a motion to dismiss.");

---

[3] In any case, per the precedent of *Melito*, Zipwhip could never be directly liable for text messages sent by others. *See* 2015 WL 7736547, at *4 (collecting cases for the proposition, which the *Melito* court adopted, "that the verb 'make' imposes civil liability only on the party that places the call or text.").

7

*Brown v. City of New York*, No. 14 CIV. 2668 PAE, 2014 WL 5394962, at *1 n.1 (S.D.N.Y. Oct. 23, 2014) (refusing to rely on allegations in affirmation submitted in opposition to motion to dismiss). As detailed in the Opening Brief, Plaintiff's Amended Complaint fails to allege direct liability against Zipwhip. (Opening Br. at 9-12.) That Plaintiff would now seek to introduce new arguments or allegations suggesting that Zipwhip was an actual sender of the text messages or undertook some substantive, active role beyond what was alleged in his pleading is as egregious as it is false.[4]

Plaintiff's Opposition does not even appear to contest Zipwhip's assertion that the Amended Complaint does nothing more than plead the elements of the TCPA and argue that because the allegations concern text messaging, that is sufficient. (Opp. at 16-17.) Instead, Plaintiff alleges that while calls and text messages are treated similarly under the TCPA (*see, e.g.,* Amended Compl. at ¶ 18), he asks this Court to impose a *lower* pleading standard for a text message claim. (Opp. at 16 (arguing that pleading the "generic nature of the message" is somehow the equivalent of pleading that an ATDS was used).) But Plaintiff offers no citation at all for the proposition that the pleading standard should be lowered for text messages under the TCPA. Instead, Plaintiff includes a discussion of *Johansen v. Vivant, Inc.,* a foreign decision that *dismissed* the plaintiff's TCPA claims based on a failure to validly allege a claim. *Id.* In this district, precedent confirms the opposite of Plaintiff's proposed pleading standard. *See, e.g., Rotberg v. Jos. A. Bank Clothiers, Inc.*, 345 F. Supp. 3d 466, 479-80 (S.D.N.Y. 2018) (granting motion to dismiss in text message case because mirroring of statutory elements is insufficient); *see* Opening Br. at 13-15.

---

[4] Similarly, Plaintiff desperately seeks to salvage his claims by suggesting that the Court should conflate Zipwhip and Lexus by arguing that allegations against Lexus from the original complaint and framed against a singular "Defendant" should be read to include Zipwhip as well.

8

### III. CONCLUSION

For the reasons stated herein, and for those presented in Zipwhip's Motion to Dismiss, the Amended Complaint should be dismissed as to Zipwhip.

Dated: Parsippany, NJ
       May 6, 2019

Respectfully submitted,

By: */s/ Paul A. Rosenthal*
Paul A. Rosenthal
KELLEY DRYE & WARREN LLP
One Jefferson Road
Parsippany, NJ 07054
Tel.: (973) 503-5900
paulrosenthal@kelleydrye.com

Bezalel A. Stern
KELLEY DRYE & WARREN LLP
3050 K Street N.W., Suite 400
Washington, D.C. 20007
Tel.: (202) 342-8422
Fax: (202) 342-8451
bstern@kelleydrye.com

*Counsel for Defendant Zipwhip, Inc.*